NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0329n.06

No. 13-5576

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 28, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| RONALD PREZ WAGONER, | ) TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

BEFORE:  MERRITT, COOK, and STRANCH, Circuit Judges.

PER CURIAM.  Ronald Prez Wagoner appeals his 48-month sentence for threatening to assault or murder a Social Security Administration (SSA) service representative.  We affirm.

After the district court found him competent to stand trial, Wagoner pleaded guilty to threatening to assault or murder with intent to intimidate Eric Carey, a SSA service representative, while Carey was engaged in the performance of his official duties, in violation of 18 U.S.C. § 115(a)(1)(B).  The parties stipulated to the following factual basis for Wagoner's guilty plea:

> On June 26, 2012, the defendant contacted the Social Security Administration (SSA) District Office located at 8530 Kingston Pike, Knoxville, Tennessee, via telephone to inquire about the status of his Social Security benefits.  During his phone conversation with Service Representative (SR) Eric Carey, the defendant was advised that his representative payee had already received the check for the month of June and that he would need to contact his payee, Richard Campbell III.  The defendant stated that he should not have to contact his payee to get his check.  SR Carey advised the defendant that in order to request a replacement check, his payee would need to call SSA to report the

check missing.  The defendant then repeatedly stated, "Listen here white boy, you are going to get me my check."  The defendant then asked SR Carey what time he was taking lunch, and then stated that he was going to come have lunch with SR Carey to get his check.  SR Carey refused to provide his lunch schedule to the defendant, and the defendant cursed as he demanded to know what time SR Carey was taking lunch.  SR Carey then informed the defendant that if he continued to use profanity, the call would be terminated.  The defendant replied, "If you do not give me my check by Friday, I will come and terminate you."

On Friday, June 29, 2012, at approximately 7:55 a.m., the defendant was observed outside the Social Security Administration District Office located at 8530 Kingston Pike, Knoxville, Tennessee.  As they were arriving for work, several SSA employees observed the defendant in the employee parking lot carrying an aluminum bat.  The defendant began walking behind a claim representative and asked if the office opened in one hour.  The claim representative told the defendant that was correct, and then quickly entered the employee entrance.

The Operations Supervisor came to the employee entrance door as the defendant was passing by.  The Operations Supervisor asked the defendant if there was a reason he was carrying a bat.  The defendant responded, "Yes.  If I don't get my check when you open, I am going to do some Goddamn damage."  The Operations Supervisor immediately had someone call 9-1-1 to report the incident.  Prior to departing the employee parking lot, the defendant told another SSA employee, "If I do not get my money today someone is going to get hurt."

Knoxville Police Department officers arrived on scene and made contact with the defendant.  The defendant was observed carrying an aluminum bat, and was apprehended and arrested for disorderly conduct.

(R. 30, Notice of Factual Basis, PageID## 85-87).

Wagoner's presentence report set forth a base offense level of 12, which was increased by 6 levels because "the offense involved any conduct evidencing an intent to carry out such threat."  USSG § 2A6.1(b)(1).  A 3-level reduction for acceptance of responsibility yielded a total offense level of 15.  Wagoner's lengthy criminal history — more than 70 convictions including a prior federal conviction for threatening to assault a magistrate judge — produced a criminal history category of VI.  The resulting guidelines range was 41 to 51 months of imprisonment.

Wagoner objected to the 6-level increase under USSG § 2A6.1(b)(1), asserting that his actions on Friday, June 29, 2012, were directed toward the SSA in general and not toward Carey. The district court overruled Wagoner's objection and, after considering the sentencing factors under 18 U.S.C. § 3553(a), imposed a within-guidelines sentence of 48 months of imprisonment.

In this timely appeal, Wagoner contends that the district court erred in ruling that his actions evidenced an intent to follow through with his threat when he was actually intent on getting his benefits check and not on finding Carey. "When reviewing the district court's application of the Sentencing Guidelines, we review the district court's factual findings for clear error and mixed questions of law and fact *de novo*." *United States v. May*, 568 F.3d 597, 604 (6th Cir. 2009). Courts differ as to the standard of review applied to a 6-level increase under USSG § 2A6.1(b)(1). *Compare United States v. Hines*, 26 F.3d 1469, 1473 (9th Cir. 1994) ("The district court's finding that [the defendant's] conduct evidenced an intent to carry out his threat is a factual finding that we review for clear error."), *and United States v. Sauerwein*, 5 F.3d 275, 278 (7th Cir. 1993) ("The district court's finding that [the defendant's] conduct evidenced an intent to carry out his threat is one of fact that we review only for clear error."), *with United States v. Barbour*, 70 F.3d 580, 586 (11th Cir. 1995) ("[W]hether the facts evidence an intent to carry out the threat is a question of law and is reviewed *de novo*."). Regardless of the standard of review, the district court properly applied the enhancement.

USSG § 2A6.1(b)(1) provides for a 6-level increase "[i]f the offense involved any conduct evidencing an intent to carry out such threat." We have held that "[t]he pivotal inquiry when determining the appropriateness of a § 2A6.1(b)(1) enhancement is whether the defendant intended to carry out the threat, and the likelihood that he would actually do so." *United States v. Newell*, 309 F.3d 396, 400 (6th Cir. 2002). "Accordingly, essential to the determination of

whether to apply the six-point enhancement is a finding that a nexus exists between the defendant's conduct and the threats that form the basis of the indictment." *Id.*

Overruling Wagoner's objection to the 6-level increase under USSG § 2A6.1(b)(1), the district court stated:

> On June the 26th, 2012, the Defendant placed a telephone call that initiated the instant offense. During that call the Defendant made a specific threat, which is the offense he pled guilty to and is being sentenced for here today.
>
> While on the telephone, the Defendant issued an ultimatum. He gave a deadline of Friday, June the 29th, 2012, by which he was to receive his check. If he did not receive his check by that day, he informed the victim that, "I will come and terminate you."
>
> By arriving at the Social Security office on Friday, which was the deadline date, with an aluminum bat in his hands, he was exhibiting conduct that would indicate he intended to carry out the threat. Further, he was hitting the building with the bat, which could be a form of intimidation.

(R. 47, Sent. Tr. 8, PageID# 146). We agree with the district court that Wagoner's conduct evidenced an intent to carry out his threat against Carey, warranting application of the 6-level increase under USSG § 2A6.1(b)(1). Wagoner told Carey, "If you do not give me my check by Friday, I will come and terminate you." (R. 30, Notice of Factual Basis 2, PageID# 86). On Friday, Wagoner went to the SSA office with an aluminum bat and said, "If I do not get my money today someone is going to get hurt." (*Id.*). Going to where Carey worked on the stated deadline with an aluminum bat establishes a nexus between Wagoner's conduct and his threat to "terminate" Carey. *See Newell*, 309 F.3d at 402 (holding that the defendant's purchase of a firearm and ammunition on the same day that he made a threat "demonstrates that his threats are 'more than mere puffery,' and evidences an intent to carry out the threats").

Because the district court properly applied the 6-level increase under USSG § 2A6.1(b)(1), we affirm Wagoner's 48-month sentence.